FENNEMORE CRAIG, P.C.
Ray K. Harris (No. 007408)
2394 East Camelback
Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: rharris@fclaw.com

Attorneys for Plaintiff
Concord Servicing Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Concord Servicing Corporation, an Arizona corporation, <br><br> Plaintiff, <br><br> v. <br><br> Concord Resolution, Inc., a New York corporation, <br><br> Defendant. | No. _____ <br><br> **COMPLAINT** |

Plaintiff alleges:

1. Plaintiff, Concord Servicing Corporation, is an Arizona corporation with its principal place of business in Scottsdale, Arizona.

2. Plaintiff has provided financial services, including collections, since 1988.

3. Defendant Concord Resolution, Inc., is a New York corporation with its principal place of business in Buffalo, New York.

4. Defendant was formed on October 31, 2014 and thereafter started using the business name CONCORD for debt collection services; on information and belief, these collection services have been on behalf of pay day lenders.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over claims for trademark infringement pursuant to 28 U.S.C. § 1338(a). Supplemental jurisdiction over the state law claims exists under 28 U.S.C. §§ 1338(b)(unfair competition) and 1367.

6. This Court has personal jurisdiction over Defendant. Defendant's willful and continuing trademark infringement to confuse customers and cause harm to Plaintiff in Arizona constitutes conduct targeting Plaintiff in Arizona.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 because Defendant has, among other things, directed collection activity to persons who reside in this district.

**The CONCORD Mark**

8. Plaintiff has obtained U.S. federal trademark registration for CONCORD (Reg. No. 4,406,447) for financial services, including "delinquent collections of installment contracts and other consumer obligations." Multiple trademarks using CONCORD as a design element have been registered, including U.S. trademark registration No. 1,778,094 (registered June 22, 1993) and 2,975,948 (registered July 26, 2005). These registrations are now incontestable. 15 U.S.C. § 1065.

9. Plaintiff made continuous and exclusive use of the CONCORD mark for many years before Defendant Concord Resolution, Inc. was formed in New York. Plaintiff expended a significant amount of time and money to establish goodwill in the CONCORD trademark.

10. Clients identify the CONCORD mark with Plaintiff. CONCORD has become known and enjoys a positive reputation throughout the United States.

11. Plaintiff receives clients and referrals from throughout the United States and internationally.

**Defendant's Trademark Infringement**

12. Defendant uses CONCORD for debt collection services.

13. Defendant uses the CONCORD mark for the same services offered by Plaintiff under the CONCORD mark. Indeed, Defendant's use of the CONCORD trademark confuses consumers and harms Plaintiff's brand and reputation.

14. Defendant's use of the word CONCORD has actually confused regulators and consumers.

15. Defendant's use of the CONCORD mark diverts clients from Plaintiff to Defendant. Indeed, Defendant has been using the CONCORD mark with knowledge of Plaintiff's use of the CONCORD mark. As early as May 2015, Plaintiff requested the Defendant to cease using CONCORD because it is identical to Plaintiff's registered trademark.

## COUNT I

**Trademark Infringement**

16. Plaintiff incorporates by reference the allegations of paragraphs 1-15.

17. Plaintiff has priority of use of the CONCORD mark.

18. Plaintiff has the exclusive right to use the CONCORD mark for financial services, including "delinquent collections".

19. Plaintiff registered the domain name concordservicing.com in 1996 and has used the domain name continuously to advertise its services under the CONCORD mark.

20. Defendant uses CONCORD and the domain name concordresolution.com to advertise debt collection services.

21. Defendant's use of CONCORD as a trademark and domain name infringes Plaintiff's rights in the CONCORD mark. Defendant neither sought nor received any authority to use CONCORD from Plaintiff.

22. Defendant's website trades on the goodwill of the CONCORD trademark

1  and unfairly competes with Plaintiff by creating initial interest confusion.

2      23.    Defendant's actions constitute trademark infringement in violation of
3  15 U.S.C. § 1114.

4      24.    Defendant had constructive notice of Plaintiffs' prior use of CONCORD as
5  a trademark for debt collection services before Defendant used CONCORD.  The Federal
6  trademark registration for CONCORD was issued to Plaintiff prior to the first use by
7  Defendant.

8      25.    The continued use of the CONCORD mark by Defendant for debt collection
9  services causes irreparable harm to Plaintiff by creating confusion among the consuming
10  public, diminishing the distinctiveness of Plaintiffs' trademark and misappropriating the
11  associated goodwill.  Plaintiff has no adequate remedy at law and will continue to be
12  irreparably injured unless and until Defendant is enjoined from using CONCORD as a
13  trademark.

14      26.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff
15  has been damaged and, unless Defendant is enjoined, will continue to be damaged.

16      27.    Defendant is acting willfully and deliberately with the intent to trade on the
17  goodwill associated with the CONCORD trademark.  Under such circumstances, actual
18  damages (including Defendant's profits) and punitive damages and attorneys' fees should
19  be assessed.

20      WHEREFORE, Plaintiff prays for judgment awarding:

21      A.    Preliminary and permanent injunctive relief preventing use of CONCORD
22  or any confusingly similar word as a trademark by Defendant for debt resolution (15
23  U.S.C. § 1116(a));

24      B.    Actual damages (including Defendant's profits) in an amount to be
25  determined (15 U.S.C. § 1117(a));

26      C.    Enhanced damages (up to three times actual damages) for intentional

conduct (15 U.S.C. § 1117(a));

D. Costs and attorneys' fees incurred in this action (15 U.S.C. § 1117(a)); and

E. Such further relief as the Court deems proper.

## COUNT II

### Federal Law Unfair Competition

28. Plaintiff incorporates by reference the allegations of paragraphs 1-26.

29. Defendant's continuing use of the CONCORD mark is likely to cause confusion, mistake or deception as to the affiliation, connection or association of defendant with Plaintiff.  15 U.S.C. § 1125(a)(1)(A). Defendant confuses consumers into believing that there is an affiliation, connection, or relationship between Defendant and Plaintiff when there is not.

30. Defendant's continuing use of the CONCORD mark is likely to cause confusion, mistake or deception as to the origin of Defendant's services or sponsorship or approval of defendant's services by Plaintiff.  *Id.* Consumers will likely be confused and mistakenly believe that Defendant and its services are endorsed, approved, or sponsored by Plaintiff when they are not.

31. Defendant's unauthorized use of CONCORD falsely designates the origin of Defendant's services.

32. Defendant's conduct was willful and deliberate and Defendant acted with the intent to confuse the public and trade on the goodwill associated with the CONCORD trademark.  Under such circumstances, actual damages (including Defendant's profits) and punitive damages and attorneys' fees should be assessed.

WHEREFORE, Plaintiff prays for judgment awarding:

A. Preliminary and permanent injunctive relief preventing use of CONCORD or any confusingly similar mark by Defendant under 15 U.S.C. § 1116;

B. Actual damages (including Defendant's profits) in an amount to be

determined under 15 U.S.C. § 1117(a);

  C. Treble damages under 15 U.S.C. § 1117(a);

  D. Costs and attorneys' fees incurred in this action under 15 U.S.C. § 1117(a); and

  E. Such further relief as the Court deems proper.

## COUNT III

## State Common Law Unfair Competition

33. Plaintiff incorporates by reference the allegations of paragraphs 1-32.

34. Plaintiff and Defendant compete for clients seeking debt collection services.

35. Defendant's operation of a debt collection service using the CONCORD trademark constitutes unfair competition and palming off under Arizona law.

36. Defendant has failed to correct infringements brought to its attention by Plaintiff, which has damaged the goodwill associated with Plaintiff's debt collection service.

37. Defendant is wilfully and intentionally trading on the CONCORD mark in a deceptive and confusing manner. Defendant's use of a mark confusingly similar to Plaintiff's mark is deceptive and calculated to deceive and mislead.

38. By using the CONCORD mark, Defendant is acting contrary to honest practice in commercial matters. Defendant is palming off its services as those of Plaintiff and confusing consumers as to Defendant's identity.

39. Defendants' conduct has caused and will continue to cause irreparable injury. Plaintiff has no adequate remedy at law and will continue to be irreparably injured unless and until Defendant is enjoined from the unlawful conduct.

40. Defendants' conduct evidences an evil hand guided by an evil mind warranting the imposition of both actual and punitive damages.

WHEREFORE, Plaintiff prays for judgment awarding:

FENNEMORE CRAIG, P.C.
PHOENIX

10598029.3/021561.0001

1     A.     Preliminary and permanent injunctive relief prohibiting use of the mark by Defendant;

3     B.     Actual damages in an amount to be determined at trial;

4     C.     Punitive damages; and

5     D.     Such other and further relief as the Court deems proper.

## COUNT IV

## Cybersquatting

41. Plaintiff incorporates by reference the allegations of paragraphs 1-40.

42. Defendant registered and used a domain name identical or confusingly similar to CONCORD.

43. Defendant is not authorized to use the CONCORD trademark in domain names.

44. Defendant registered concordresolution.com in bad faith with intent to profit from goodwill associated with the CONCORD trademark for debt collection services.

45. Defendant's conduct constitutes cybersquatting under 15 U.S.C. § 1125(d).

46. The domain name concordresolution.com suggests sponsorship by or affiliation with Plaintiff by using the CONCORD trademark.

WHEREFORE, Plaintiff prays for judgment:

A.     For the greater of actual damages and profits or statutory damages (in the range of $1,000 to $100,000) for Defendant's use of the concordresolution.com domain name. 15 U.S.C. § 1117(d);

B.     For reasonable attorneys' fees, expert witness fees, costs, and expenses incurred in this action under 15 U.S.C. § 1117(a);

C.     For transfer of the domain name to Plaintiff pursuant to 15 U.S.C. §1125(d)(C); and

D.     For such further relief as the Court deems proper.


## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

DATED this 9th day of July, 2015.

    FENNEMORE CRAIG, P.C.

    By *s/Ray K. Harris*
       Ray K. Harris
       Attorneys for Plaintiff
       Concord Servicing Corporation